UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JENNIFER MARCHESE, )<br>)<br>   Plaintiff )<br>)<br>   v. )<br>)<br>TRIGRAM EDUCATION PARTNERS, )<br>LLC d/b/a TRIGRAM EDUCATION )<br>PARTNERS, MINERVA )<br>INFLECTION STRATEGIES, LP, )<br>AMPLE LUCK INTERNATIONAL )<br>CAPITAL GROUP LTD., and )<br>STANFORD SILVERMAN, )<br>)<br>   Defendants ) | No. 2:22-cv-00425-LEW |

## JUDGMENT AND ORDER

The matter came before the Court for a testimonial hearing on Plaintiff's Motions for Default Judgment (ECF Nos. 58 & 64) on December 9, 2025. Plaintiff was present and represented by Attorney Thomas L. Douglas. Defendants Trigram Education Partners, Minerva Inflection Strategies, Ample Luck International Capital Group, and Stanford Silverman did not appear at the hearing. Based on the pleadings, the hearing record, and Defendants' default, the Motions are granted and Judgment will enter on Plaintiff's Complaint as outlined in the Conclusion of this Judgment and Order.

### THE COMPLAINT AND JURISDICTION

Plaintiff's Complaint alleges nonpayment of wages in violation of 29 U.S.C. § 207 and 26 M.R.S. § 626, as well as claims of fraud and unjust enrichment. Compl. (ECF No.

1).  The matter is appropriately before the Court on the basis of federal question jurisdiction, *see* 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367.

## DEFAULT JUDGMENT

The entry of judgment by default proceeds in well-defined stages.  Initially, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the party seeking judgment will request entry of default against the non-responsive party, which default the Clerk must enter provided the failure to plead or defend "is shown by affidavit," most customarily, an affidavit of service coupled with an affidavit of counsel attesting to the existence of grounds for entry of default.  Fed. R. Civ. P. 55(a). Following the Clerk's entry of default, the defaulted party may file a motion seeking to set aside the default.  Fed. R. Civ. P. 55(c).  Barring such a motion—and excepting cases presenting a claim for a sum certain, for which the Clerk may enter judgment of default without the Court's involvement—the party seeking entry of judgment by default proceeds by application to the Court (customarily styled as a motion for default judgment), Fed. R. Civ. P. 55(b)(2), as Plaintiff did here.

To dispose of an application for default judgment, the Court may or may not conduct a hearing; generally, it will do so when the circumstances suggest a need to establish the truth of the material allegations or to investigate any matter of concern to the Court, such as is often the case when attempting to achieve a reasonable measure of general damages. *Id.*  However, because a party in default effectively admits the truth of the moving party's allegations, the well-pleaded factual allegations of the complaint (or other operative pleading) may suffice to establish the liability of the defaulted party.  Indeed, "it is precisely

the right to contest liability that a party gives up when it declines to participate in the judicial process." *In re The Home Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002); *see also Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62–63 (1st Cir. 2002).[1]

Defendants were properly served with the Summons and Complaint between March 21, 2023, and April 24, 2023. Defendants Minerva Inflection Strategies, Trigram Education Partners, and Stanford Silverman did not answer the Complaint or otherwise plead in their defense, and an order of default entered on February 23, 2024. Defendant Ample Luck International Capital Group appeared through counsel, filed an answer, and filed a motion to dismiss and a summary judgment motion.[2] Thereafter, counsel for Ample Luck withdrew and Ample Luck neglected to further appear through substitute counsel, despite a cautionary order (ECF No. 60). An order of default as to Ample Luck entered on September 2, 2025.

Plaintiff moved for entry of default judgment as to Trigram, Minerva, and Silverman on June 24, 2025 (ECF No. 58). Plaintiff moved for entry of default judgment as to Ample Luck on October 6, 2025 (ECF No. 64). The Court conducted a hearing on December 9, 2025, at which it heard Plaintiff's testimony and admitted one exhibit prepared by Plaintiff in which she computed her unpaid wages.

---

[1] Nonetheless, the court will inquire into the legal sufficiency of the factual allegations in relation to the claim(s) asserted. *Ramos-Falcon v. Autoridad de Energia Electrica*, 301 F.3d 1, 3 (1st Cir. 2002) (per curiam); 10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2013) (defaulted party not deemed to have "admit[ted] the legal sufficiency of [the] claims").

[2] I previously dismissed the fraud claim for resting only on "gossamer strands of conjecture." Order on Motion to Dismiss at 19 (ECF No. 32). Defendant Ying Ma was dismissed from the case for lack of jurisdiction over her person. *Id.* at 20.

Based on the allegations of the Complaint, which are deemed admitted, and the testimony and exhibit admitted at the default judgment hearing, the Court hereby finds that Plaintiff Jennifer Marchese was Defendants' employee and worked for Defendants without payment of wages between August 16, 2020, and December 19, 2020. In that time, she earned the right to compensation in the amount of $24,230.79.

Based on the employment relationship and the failure to pay wages, Judgment will enter for Plaintiff and against Defendants for unpaid wages on Counts I (Fair Labor Standards Act) and II (Maine wage law). The fraud claim in Count III is *sua sponte* dismissed in keeping with my prior Order on Motion to Dismiss. See n. 2, *supra*. Because judgment is awarded on the wage claims, which acknowledge the existence of an employment contract, the unjust enrichment claim in Court IV is also dismissed. *See In re Wage Payment Litig.*, 759 A.2d 217, 224 (Me. 2000) ("The contract of employment between the parties precludes the plaintiffs from maintaining a cause of action for unjust enrichment.").

Damages are awarded to Plaintiff in the amount of her unpaid wages, which amount is supplemented by an award of prejudgment interest. *See* 26 M.R.S. § 626-A. In addition to her unpaid wages with prejudgment interest, Plaintiff is entitled to an additional amount in statutory liquidated damages—double damages under federal law, 29 U.S.C. § 216(b), or treble damages under Maine law, 26 M.R.S. § 626-A. I award here only the greater of the two. Plaintiff is also entitled to recover her costs of suit and reasonable attorney's fees. *Id.*

## CONCLUSION

Based on the foregoing, the Motions for Default Judgment (ECFs Nos. 58 & 64) are GRANTED as to Counts I and II. Judgment is hereby entered for Plaintiff and against Defendants Trigram Education Partners, Minerva Inflection Strategies, Ample Luck International Capital Group, and Stanford Silverman on Counts I and II of the Complaint, and damages are awarded to Plaintiff in the amount of $24,230.79, plus prejudgment interest at the one-year United States Treasury bill rate plus 3%, accruing from the date of filing of the Complaint through the date of this Judgment. 26 M.R.S. § 626-A; 14 M.R.S. § 1602-B. Plaintiff is also awarded statutory liquidated damages in the additional amount of $48,461.58.

Plaintiff is also entitled to a reasonable attorney's fee award and costs. Although counsel had offered amounts in those categories for inclusion in the Default Judgment (ECF Nos. 58-1 & 64-1), Plaintiff will have to seek those further remedies by motion in accordance with the time constraints established in Local Rules 54.2 and 54.3, as the Court needs additional information to determine the reasonableness of the award.

Counts III and IV of the Complaint are DISMISSED.

SO ORDERED.

Dated this 19th day of December, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge

5